UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED
MAY 25 2017
CLERK'S OFFICE
U.S. DISTRICT COURT
ANN ARBOR, MI

MERRIFIELD MACHINERY
SOLUTIONS, INC.,

Plaintiff,

Case No. 16-14472

v.

Hon. John Corbett O'Meara

JCM ENGINEERING CORP.,

Defendant.
_____/

## OPINION AND ORDER GRANTING
## DEFENDANT'S MOTION TO DISMISS

Before the court is Defendant's motion to dismiss, filed April 5, 2017, which has been fully briefed. Pursuant to L.R. 7.1(f)(2), the court did not hear oral argument.

## BACKGROUND FACTS

Plaintiff, Merrifield Machinery Solutions, Inc. ("Merrifield")[1], entered into

---

[1] The complaint identifies Plaintiff as "Merrifield Machinery Solutions, Inc.," but Plaintiff's brief refers to "Merrifield Machinery Solutions, LLC." The complaint does not allege jurisdictional facts regarding the citizenship of the members of Merrifield Machinery Solutions, if it is a limited liability company. See Delay v. Rosenthal Collins Group, LLC, 585 F.3d 1003, 1005 (6th Cir. 2009) ("[A] limited liability company has the citizenship of each of its members."). Because the court concludes it does not have personal jurisdiction over Defendant, it will not require clarification of Plaintiff's jurisdictional allegations at this time.

an agreement with Defendant, JCM Engineering Corporation ("JCM"), for the sale of a milling machine. Merrifield alleges that it delivered the equipment to JCM, but that JCM defaulted in the amount of $1,426,855. Merrifield filed its complaint, alleging breach of contract, unjust enrichment, lien foreclosure, and claim and delivery, on December 27, 2016. JCM seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(2), for lack of personal jurisdiction.

Merrifield is a Michigan entity that has its principal place of business in Pontiac, Michigan. JCM is a California corporation with its principal place of business in Ontario, California. JCM avers that it has no offices or employees in Michigan, owns no property in Michigan, does not advertise or solicit business in Michigan, and conducts no business in Michigan. See Declaration of Carlo Moyano.

In 2014, JCM was looking for a milling machine to purchase and contacted Plaintiff. A Merrifield representative traveled to JCM's offices in California to present a proposal for the sale of a milling machine manufactured by Fooke Engineering Works, a German company. JCM alleges that the parties negotiated the purchase in California, whereas Merrifield contends that negotiations continued by telephone and email. JCM issued a purchase order containing various terms and conditions, including a California choice of law clause and

forum selection clause. See Def.'s Ex. A. The copy provided by JCM is not signed by Merrifield. Merrifield states that it executed a "purchase agreement" for the equipment in Michigan, although it does not provide a copy of the alleged agreement. See Affidavit of Rich Rohn.

JCM contends that the Fooke milling machine was shipped to its location in California directly from Germany. Merrifield asserts that it shipped the machine from Michigan. Id. Merrifield alleges that, before defaulting, JCM submitted payments for the machine to its office in Michigan.

## LAW AND ANALYSIS

### I.     Standard of Review

JCM seeks dismissal of this action for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). Plaintiff bears the burden of demonstrating that jurisdiction exists and, in the face of a properly supported motion for dismissal, must "set forth specific facts showing that the court has jurisdiction." Theunissen v. Matthews, 935 F.2d 1454, 1458 (6th Cir. 1991). The court has three alternatives for dealing with a Rule 12(b)(2) motion: "it may decide the motion upon the affidavits alone; it may permit discovery in aid of deciding the motion; or it may conduct an evidentiary hearing to resolve apparent factual questions." Id. The court has discretion to select which method it will follow; however, the method

selected affects the burden of proof the plaintiff must bear to avoid dismissal. Id. "Where the court relies solely on the parties' affidavits to reach its decision, the plaintiff must make only a *prima facie* showing that personal jurisdiction exists in order to defeat dismissal." Id. When relying solely on the papers, the court must view the evidence in the light most favorable to the plaintiff and "does not weigh the controverting assertions of the parting seeking dismissal." Id. at 1459. "We adopted this rule . . . in order to prevent non-resident defendants from regularly avoiding personal jurisdiction simply by filing an affidavit denying all jurisdictional facts. . . ." Id. In this case, the court will rely upon the papers and consider whether Plaintiff has established a prima facie showing of personal jurisdiction.

## II. Personal Jurisdiction

Personal jurisdiction can be general, where the defendant has continuous and systematic contact with the forum state, or limited (also known as specific), where the subject matter of the lawsuit is related to the defendant's contacts with the forum state. See Sports Auth. Mich. Inc. v. Justballs, Inc., 97 F. Supp. 2d 806, 810 (E.D. Mich. 2000) (Woods, J.). In Michigan, courts have general jurisdiction over a corporation when it incorporates under Michigan laws, consents to be sued in Michigan, or carries on a "continuous and systematic part of its general business

within the state." M.C.L. § 600.711.

JCM does not carry on a continuous and systematic part of its general business in Michigan. It does not have an office, property, bank account, employees, or a registered agent in Michigan. It does not advertise or solicit customers in Michigan. See Def.'s Ex. 1.

Merrifield suggests that JCM conducts business in Michigan because it supplies companies that have facilities in Michigan, such as Northrop Grumman. Merrifield has not provided evidence that JCM makes sales directly to Michigan or conducts a "continuous and systematic part of its general business" within Michigan, however. Merrifield has not made a prima facie showing that this court may exercise general personal jurisdiction over JCM.

Merrifield alternatively contends that the court may exercise specific jurisdiction over JCM. In analyzing specific jurisdiction, the court must engage in a two-step process: "(1) first, the court must determine whether any of Michigan's relevant long-arm statutes authorize the exercise of jurisdiction over Defendants; and, if so, (2) the court must determine whether exercise of that jurisdiction comports with constitutional due process." Air Products and Controls, Inc. v. Safetech Int'l, Inc., 503 F.3d 544, 550 (6th Cir. 2007). See also Green v. Wilson, 455 Mich. 342, 350-52 (1997).

Merrifield argues that the applicable long-arm statute is satisfied because JCM has engaged in "[t]he transaction of any business within the state" or caused "any act to be done, or consequences to occur, in the state resulting in an action for tort." M.C.L. § 600.715 (corporations; limited personal jurisdiction). Assuming this provision is satisfied, three criteria must be met to satisfy due process concerns:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

LAK, Inc. v. Deer Creek Enter., 885 F.2d 1293, 1299 (6th Cir. 1989) (quoting Southern Machine Co. v. Mohasco Indus. Inc., 401 F.2d 374, 381 (6th Cir. 1968)).

The first criterion – a showing that the defendant has "purposefully availed itself of the privilege of transacting business" in the forum state, thus invoking the benefits and protections of its laws – is "the *sine qua non* for *in personam* jurisdiction." Id. (quoting Mohasco, 401 F.2d at 381-82). The "purposeful availment" prong is satisfied by the "kind of substantial relationship with the forum state that invokes, by design, 'the benefits and protections of its laws' as

opposed to a mere 'collateral relation to the forum state.'" Id. (citations omitted). "[P]arties who 'reach out beyond one state and create continuing relationships and obligations with citizens of another state' are subject to regulation and sanctions in the other State for the consequences of their activities." Kerry Steel, Inc. v. Paragon Indus., Inc., 106 F.3d 147, 151 (6th Cir. 1997) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 473 (1985)).

Merrifield has not demonstrated that JCM "reached out" to create "continuing relationships and obligations" in Michigan. See Kerry Steel, 106 F.3d at 151. Viewing the facts in the light most favorable to Plaintiff, JCM contacted Merrifield to purchase a milling machine. Merrifield traveled to California to present its proposal. The parties negotiated an agreement by email and fax, between Michigan and California. Merrifield allegedly shipped the milling machine from Michigan to California, and JCM made payments to Merrifield's bank account in Michigan.

These contacts, arising from one "isolated transaction," are precisely the type rejected by the Sixth Circuit as "immaterial" and insufficient to constitute purposeful availment of the "benefits and protections" of Michigan law. Kerry Steel, 106 F.3d at 151. In Kerry Steel, a Michigan corporation (Kerry Steel) contacted Paragon Industries, an Oklahoma corporation, and offered to sell it steel

coils. The parties negotiated by telephone and fax and Paragon mailed or faxed purchase orders to Kerry in Michigan. Kerry delivered the steel coils to Paragon in Illinois. Paragon failed to pay for the steel coils and Kerry sued Paragon in Michigan.

The Sixth Circuit held that the court lacked personal jurisdiction over Paragon. The court noted that the "mere fact that Paragon entered into a contract with a Michigan corporation does not mean that Paragon purposefully availed itself of the 'benefits and protections' of Michigan law." Kerry Steel, 106 F.3d at 151. Further, the court found it "immaterial that Paragon placed telephone calls and sent faxes to Kerry Steel in Michigan" when there was no reason to believe that Paragon "intended to establish 'continuing relationships and obligations' in Michigan." Id. "Kerry Steel's Michigan bank account did suffer, to be sure, but the locus of such monetary injury is immaterial, as long as the obligation did not arise from a privilege the defendant exercised in the forum state." Id. (internal quotation marks and citation omitted).

This case is not materially distinguishable from Kerry Steel, in that Merrifield and JCM entered into a one-time transaction with no evidence of a continuing business relationship in Michigan. The case upon which Plaintiff primarily relies, Chrysler Corp. v. Traveleze Indus. Inc., 527 F. Supp. 246 (E.D.

Mich. 1981), is not persuasive for two reasons. First, the court exercised jurisdiction over an out-of-state defendant based upon on an apparent *ongoing* business relationship, which is not the case here. Second, the viability of the district court's decision in Chrysler is in doubt, given that its analysis conflicts with that of the Sixth Circuit in Kerry Steel. Kerry Steel controls and compels the conclusion that Merrifield has failed to make a prima facie showing of personal jurisdiction over JCM.

## ORDER

IT IS HEREBY ORDERED that JCM's motion to dismiss for lack of personal jurisdiction is GRANTED.

Dated: May 25, 2017

John Corbett O'Meara
United States District Judge

-9-